NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MR. B. IGA, INC., Respondent.

No. 81–2118.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1982.

Decided April 28, 1982.

Howard E. Perlstein, John P. Coyle, Attys., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Nelson & Harding, A. Stevenson Bogue, Omaha, Neb., for respondent.

Before BRIGHT, HENLEY and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

This matter comes before the court on petition for enforcement of an order entered by the National Labor Relations Board (NLRB). At issue is whether Mr. B. IGA, Inc. (the Employer), committed an unfair labor practice by refusing to bargain with District Union 271 of the United Food and Commercial Workers International Union (the Union), representing the Employer's meat-department employees. The Employer contends the NLRB erred in certifying the Union as bargaining representative, because improper supervisory influence tainted the representation election and the three-year delay between the election and certification of the Union created unusual circumstances abrogating its duty to bargain. We enforce the NLRB's order.

I. *Background.*

The representation election that underlies these proceedings took place on June 17, 1976, resulting in a vote of 10–6 in favor of the Union. A hearing officer considered and rejected the Employer's objections to the conduct of the election, and on November 4, 1976, he recommended certification of the results of the election. The Employer filed exceptions to the hearing officer's report but the exceptions were overlooked due to an inadvertent administrative mistake. When the mistake came to light over three years later, the regional director reviewed and rejected the Employer's exceptions, certifying the Union as bargaining representative in a decision entered on February 1, 1980. The Employer requested review by the NLRB to consider the intervening change in circumstances. The NLRB affirmed the regional director's decision on June 17, 1980.

Thereafter, the Employer refused to bargain with the Union in order to obtain judicial review of its objections to certification. The Union filed an unfair labor practice charge, alleging violations of sections 8(a)(1) and (5) of the National Labor Relations Act (the Act), 29 U.S.C. § 158(a)(1), (5). On May 5, 1981, the NLRB entered the order here at issue, requiring the Employer to bargain with the Union and to give the Union any information necessary for collective bargaining upon request.

II. *Discussion.*

The Employer argues that the NLRB should have considered evidence on the supervisory status of meat-department managers who participated in the election process by serving as election supervisors and attending preelection union meetings. Prior to the election, the Employer contested the status of the meat-department managers, but then voluntarily stipulated that they were not supervisors. Following the election, the Employer contested certifica-

tion on the grounds that the managers were in fact supervisors, notwithstanding the stipulation. The hearing officer and regional director both held the Employer bound by its preelection stipulation.

In its petition for NLRB review of certification and in the instant unfair labor practice case before the NLRB, the Employer made no reference to its contention that the election was tainted by participation of supervisory personnel, relying instead solely on its argument that the NLRB should have reconsidered its decision because of changed circumstances. Nonetheless, on this appeal the Employer seeks to reassert its objection to the meat-department manager's participation in the election.

■ Section 10(e) of the Act, 29 U.S.C. § 160(e), provides that "[n]o objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court [of appeals], unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." During the certification proceedings, the Employer initially raised, but later abandoned, its objection that the managers' participation tainted the election. The Employer did not raise this objection in the unfair labor practice case before the NLRB. In these circumstances, we agree that "an objection made during the course of a representation proceeding must be reasserted in the subsequent unfair labor practice case in order to be preserved for review by this court." *NLRB v. Children's Baptist Home*, 576 F.2d 256, 261 (9th Cir. 1978). The Employer has presented no "extraordinary circumstances" justifying its failure to put the NLRB on notice of all its defenses to the unfair labor practice charge.[1]

■ The Employer also argues that it has no obligation to bargain because of the changed circumstances resulting from the three-year delay between election and certification. During the period of delay, the Employer sold three of the four stores in the bargaining unit, reducing the size of the unit from nineteen to three employees. Also, none of the employees who were eligible to vote in the election remain in the unit. Considering the amount of time which has passed since the election, along with the reduction in size of the bargaining unit and the complete turnover in its composition,[2] the Employer urges that special circumstances warrant finding that the unit is no longer appropriate for collective bargaining.

The NLRB carefully considered the changes in the unit and concluded that they were insufficient to override section 9(c)(1) of the Act, 29 U.S.C. § 159(c)(1), which requires the NLRB to certify the results of a duly conducted representation election absent "compelling circumstances" showing that certification would frustrate the purposes of the Act. *Bell & Howell Co. v. NLRB*, 598 F.2d 136, 145–46 (D.C.Cir.), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2885, 61 L.Ed.2d 312 (1979). This court has recognized in the past that administrative delay and employee turnover are not adequate reasons to set aside a certified election. *NLRB v. DIT–MCO, Inc.*, 428 F.2d 775, 781 (8th Cir. 1970) (bargaining order enforced despite substantial employee turnover and twenty-three-month delay between election and certification), *disapproved on other grounds, NLRB v. Savair Manufacturing Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973).

1. The NLRB raises several other arguments going to the merits of the supervisory objection. For example, the NLRB points out that the meat-department managers voted in the election, but the Employer did not challenge their ballots. Instead, the Employer focused on the managers' involvement in the election process. The NLRB contends that the challenged conduct, including use of the managers as election supervisors and attendance of the managers at union meetings, was not objectionable because it had no potential for coercion. We do not reach these arguments, but mention them only to indicate that even were this issue properly preserved for appeal, it is questionable whether the Employer could succeed on the merits.

2. The Employer also attempts to draw negative inferences from the Union's failure to avert the delay. However, the NLRB admits that the delay was administrative in origin, and was not due to the fault of either the Union or the Employer. The Union should not be penalized for a delay which it did not cause.

We affirm the NLRB's conclusion that the Employer has failed to show unusual circumstances which justify its refusal to bargain with the Union. Accordingly, the NLRB's order is hereby enforced in full.